{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. Curtis L. Poston, defendant below and appellant herein, appeals his conviction for burglary in violation of R.C. 2911.12(A)(2), and theft in violation of R.C. 2913.02.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "AT THE SENTENCING HEARING, THE TRIAL COURT FAILED TO INFORM THE APPELLANT FULLY OF POST-RELEASE CONSEQUENCES AND SANCTIONS AS MANDATED BY OHIO REVISED CODE SECTION 2929.19(B)(3)."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO FULLY INFORM THE APPELLANT OF THE EFFECT OF HIS GUILTY PLEA."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO FIVE YEARS OF COMMUNITY CONTROL FOR SIMPLE BURGLARY."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY IMPOSING A LONGER SENTENCE ON THE APPELLANT THAN IT DID ON HIS CO-DEFENDANTS."
 FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN CONVICTING THE APPELLANT FOR AGGRAVATED BURGLARY, A FELONY OF THE FIRST DEGREE, WHEN HE WAS INDICTED FOR BURGLARY, A FELONY OF THE SECOND DEGREE."
 SIXTH ASSIGNMENT OF ERROR:
 "TRIAL COUNSEL'S FAILURE TO POINT OUT THE DEFECT IN THE APPELLANT'S INDICTMENT CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL."
 SEVENTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN CONVICTING THE APPELLANT OF AGGRAVATED BURGLARY."
 {¶ 3} On October 31, 2005, appellant and two associates broke into Brenda Bonn's home and took items of personal property. The three were apprehended, but the circumstances of their capture are not apparent from the record. *Page 3 
 {¶ 4} The Pickaway County Grand Jury returned an indictment charging appellant with burglary in violation of R.C. 2911.12(A)(2), and grand theft in violation of R.C. 2913.02(A)(1).[1] Appellant pled not guilty to both counts.
 {¶ 5} Subsequently, the parties agreed that appellant would plead guilty to both offenses and, if a pre-sentence investigation report (PSI) revealed no prior Ohio felony convictions, the prosecution would recommend a four year sentence.[2] After the trial court informed appellant of his constitutional rights, it accepted his pleas and found him guilty.
 {¶ 6} At appellant's sentencing hearing the prosecution noted that appellant had no prior Ohio felony convictions and recommended a four year sentence.[3] The court, however, rejected that recommendation and imposed a six year sentence on the burglary count and eleven months for grand theft, with the sentences to be served concurrently. This appeal followed. I *Page 4 {¶ 7} We first consider, out of order, appellant's second assignment of error that asserts that the trial court failed to fully inform him of the effect of his guilty pleas. In particular, appellant argues that the court failed to comply with R.C. 2943.032 which requires in pertinent part:
 "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 * * * E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months." (Emphasis added.)
 {¶ 8} We have reviewed the hearing transcript and have found nothing to indicate that the trial court provided appellant notice that he could receive a prison term of up to nine months for a post-release control violation. Failure to give such notice renders a plea involuntary and requires both the conviction and the guilty plea to be vacated. See e.g.State v. Gulley, Hamilton App. No. C-040675, 2005-Ohio-4592, at ¶¶ 20-21;State v. Kerin, Cuyahoga App. No. 85153, 2005-Ohio-4117, at ¶¶ 15-18.
 {¶ 9} The prosecution cites the following colloquy from the plea hearing:
 "As a result of your sentence in this case Mr. Poston, upon your release from state prison, you will be *Page 5 
subject to post release control for three years. It is similar to what we used to call parole in Ohio, meaning you would be under the supervision of the Ohio Department of Rehabilitation and Corrections. They will have rules and regulations concerning your conduct. While on post release control, if you violate any of those rules and regulations, they can return you to prison to serve additional time totalling [sic] up to one half of the original sentence I give you."
Thus, appellant contends, because the trial court informed appellant that he could be returned to prison for "up to one half of the original sentence" that he would eventually receive, the court substantially complied with R.C. 2943.032(E). Although this argument is somewhat persuasive, after our review of the record we must disagree with appellee.
 {¶ 10} The flaw with appellee's argument in the case sub judice is that the trial court did not fully inform appellant at the change of plea hearing exactly what sentence that he would receive. Until the PSI had been completed, it was not possible, pursuant to the terms of the plea agreement, to determine the court's sentence. Simply informing appellant that he could receive up to "one half of the original sentence," when that sentence is not yet known, does not convey to appellant the information envisioned in the statute.
 {¶ 11} We readily acknowledge that a court need not provide a rote recitation of the statute to comply with R.C. 2943.032(E),Gulley, supra at ¶ 22. For example, courts may comply with the statute even if it informs a defendant that he could be returned to prison for more than the nine months specified in the statute. See, e.g. State v.Evans, Cuyahoga App. No. 84966 86219, *Page 6 2005-Ohio-5971, at ¶ 14. Here, however, appellant received no information concerning the length of his sentence. Thus, appellant was not informed about the length of a prison term he could receive for violating post-release control. Consequently, appellant could not understand "the maximum penalty involved" for purposes of pleading guilty under Crim.R. 11(C)(2)(a).
 {¶ 12} For these reasons, we conclude that appellant's guilty plea was not knowingly and voluntarily and we hereby sustain his second assignment of error. Accordingly, appellant's judgment of conviction must be vacated.
 II {¶ 13} Appellant's first, third and fourth assignments of error involve sentencing issues. However, because we have sustained appellant's second assignment of error and have thereby vacated his convictions, these assignments of error have been rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c).
 III {¶ 14} We now turn to appellant's fifth, sixth and seventh assignments of error that involve the indictment's typographical error. As we noted above, although count one in the indictment sets out the offense of "burglary," the indictment's heading erroneously states that the charge of "aggravated burglary" which is a greater offense.[4] Appellant argues that (1) the trial court *Page 7 
erroneously convicted him of aggravated burglary rather than burglary, (2) trial counsel was constitutionally ineffective for failing to bring this mistake to the trial court's attention and (3) his conviction on this charge must be reversed on grounds of 5 "plain error."[5]
 {¶ 15} Although the indictment's heading states "aggravated burglary," the actual count clearly describes the offense of "burglary" and cites the burglary provision of R.C. 2911.12(A)(2). Furthermore, even though the trial court may have erroneously referred to the charge as "aggravated burglary" at different times during the change of plea and sentencing hearings, the court accurately referred to the charge as a second degree felony and sentenced appellant accordingly. Moreover, the March 1, 2006 petition to enter guilty plea, the March 6, 2006 judgment accepting appellant's guilty plea and the April 20, 2006 sentencing entry all refer to this offense as "burglary" and cite the correct statute — R.C. 2911.12(A)(2). We agree that the sporadic mischaracterization of the offense was unfortunate, but appellant has shown no prejudice from this mistake. When no prejudice can be shown, mislabeling an indictment's heading does *Page 8 
not constitute reversible error. See State v. Lewis (Feb. 7, 1994), Stark App. No. 9393; State v. Elliott (Mar. 23, 1992), Stark App. No. CA-8630.
 {¶ 16} Because we find no reversible error, appellant cannot establish that trial counsel was constitutionally ineffective for having failed to bring the issue to the trial court's attention or that the typographical error constitutes plain error. See Crim.R. 52(B). Accordingly, we hereby overrule appellant's fifth, sixth and seventh assignments of error.
 {¶ 17} Having sustained appellant's second assignment of error, we hereby reverse the trial court's judgment, vacate appellant's two guilty pleas and remand the matter for further proceedings.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.[6]
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that the case be remanded for further proceedings. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] Although count one of the indictment was couched in terms of burglary, and even cited R.C. 2911.12(A)(2), the heading of the indictment erroneously characterized the crime as being "aggravated burglary" (rather than simple burglary). This typographical error is the focus of appellant's fifth, sixth and seventh assignments of error.
[2] It is unclear whether this "four year" recommendation related to both offenses or to the burglary charge.
[3] Appellant apparently has prior felony convictions in Texas. Although he has no Ohio felony convictions, the sentencing hearing revealed that appellant had a pending burglary charge in Delaware County, Ohio.
[4] Aggravated burglary is a first degree felony and punishable by up to ten years imprisonment. See R.C. 2911.11(B) and 2929.14(A)(1). Burglary is a second degree felony punishable by up to eight years in prison. See R.C. 2911.12(C) and 2929.14(A)(2).
[5] We recognize that out ruling on appellant s second assignment of error could be viewed as also rendering these assignments of error moot. We nevertheless address them because (1) they affect the validity of the indictment and that issue will arise in any future appeal and (2) appellate counsel notes in the brief that appellant demanded that he raise these particular issues.
[6] We emphasize that nothing in this opinion should be construed as criticism for the manner in which the trial court handled this case. To the contrary, this case is another example of the byzantine complexity of Ohio's sentencing statutes and the "minefield" that trial court judges must traverse when sentencing felony offenders. *Page 1