DECISION AND JUDGMENT ENTRY
{¶ 1} Cory Young ("Appellant") appeals the judgment of the Gallia County Court of Common Pleas finding him guilty of burglary in violation of R.C. 2911.12(A)(2). He contends the trial court erred when it failed to fully inform him of the effect of his guilty plea. Because we find the trial court complied with the requirements of Crim.R. 11 and R.C.2943.032 at the Appellant's guilty plea hearing, we affirm its judgment.
 {¶ 2} The substance of the appeal sub judice concerns whether the trial court properly informed the Appellant at his guilty plea hearing of the *Page 2 
consequences of violating the terms of his post-release control upon his eventual release from prison. The Appellant was indicted by a Gallia County Grand Jury on two felony counts, including aggravated burglary in violation of R.C. 2911.11. He entered a plea of guilty to a reduced charge, burglary, pursuant to R.C. 2911.12(A)(2) on August 3, 2006.
 {¶ 3} During the course of his guilty plea hearing, the trial judge informed the Appellant of the effect of his guilty plea as follows:
 "[I]t's my understanding that you're going to plead guilty to burglary * * * which in this case would be a felony of the second degree. And what that means is that there's a possible term of incarceration in a state penal facility ranging from a term of two, three, four, five, six, seven, or eight years[.] * * * I mentioned post release control so let me describe to you what that is. Upon your successful completion of your period of incarceration the Ohio Adult Parole Authority will put you on post release control and in this case for a period of three years. I commonly refer to it as prison probation. If, after you're placed on post release control * * * you should commit violations of that post release control then that agency, not this Court, but that agency may send you back to prison for a term not to exceed 50% of the original term of incarceration as ordered by this Court. What that means is that whatever this Court orders you to serve they can send you back for 50% of that for violations of your post release control. There is an exception to that and that is if while out on post release control you should commit another felony, and it makes no difference whether it's here in Gallia County or whether it's in Franklin County or any other county for that matter, th[e]n that court may not only send you to prison for the commission of that new felony but then may add to that any period of post release control that is remaining or 12 months, whichever is greater."
 {¶ 4} Following the above colloquy, the Appellant entered a plea of guilty to burglary in violation of R.C. 2911.12(A)(2). He was subsequently *Page 3 
sentenced to six years of incarceration. The Appellant now appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 5} 1. THE TRIAL COURT ERRED IN FAILING TO FULLY INFORM THE APPELLANT OF THE EFFECT OF HIS GUILTY PLEA.
 {¶ 6} In his sole assignment of error, the Appellant contends that the trial court failed to inform him of the effect of his guilty plea. In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must review the record to ensure that the trial court complied with the constitutional and procedural safeguards contained within CrimR. 11. State v. Kelley (1991),57 Ohio St.3d 127, 128, 566 NE.2d 658 ("[W]hen a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed."); see, also,State v. Carter (1979), 60 Ohio St.2d 34, 396 NE.2d 757.
 {¶ 7} Under CrimR. 11(C)(2), the trial court shall not accept a guilty plea without first addressing the defendant personally and: "(a) determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing; (b) *Page 4 
informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence; and (c) informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." State v. Hamilton, Hocking App. No. 05CA4, 2005 WL2592694, 2005-Ohio-5450, at ¶ 9.
 {¶ 8} The purpose of Crim.R. 11(C) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981),66 Ohio St.2d 473, 479-80, 423 N.E.2d 115. The trial court need not recite the exact language of CrimR. 11(C) when informing a criminal defendant of his or her constitutional rights. Instead, we will affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained "in a manner reasonably intelligible to that defendant," the constitutional rights the defendant waives by pleading guilty. Id., paragraph two of the syllabus. *Page 5 
 {¶ 9} A trial court's failure to adequately inform a defendant of his constitutional rights invalidates a guilty plea under a presumption that it was entered involuntarily and unknowingly. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12. On the other hand, the failure to comply with non-constitutional rights will not invalidate a plea unless the defendant suffered prejudice. Id. The test for prejudice is "`whether the plea would have otherwise been made."`Id. (quotingState v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474).
 {¶ 10} Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent and voluntary plea. But, Crim.R. 11(C)(2)(a) requires the trial court to explain to a defendant "the nature of the charge and of the maximum penalty involved." State v.Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684 (overruled on other grounds by State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989,817 N.E.2d 393), citing State v. Johnson (1988), 40 Ohio St.3d 130, 133,532 N.E.2d 1295. "[A] defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin
(2001), 141 Ohio App.3d 381, 386-387, 751 N.E.2d 505, citing State v.Wilson (1978), 55 Ohio App.2d 64, 379 N.E.2d 273; State v. Gibson
(1986), 34 Ohio App.3d 146, 517 N.E.2d 990. *Page 6 
 {¶ 11} The acceptance of a guilty plea is also controlled by R.C.2943.032, which provides, in pertinent part,
 "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 "(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."
 {¶ 12} In his sole assignment of error, the Appellant contends the trial court erred when it failed to inform him that violations of post-release control conditions could cause the Adult Parole Authority to impose upon him a residential sanction of up to nine months. The Appellant relies on our judgment in State v. Poston, Pickaway App. No. 06CA15, 2007-Ohio-3936, in support of his position. In Poston, we vacated a guilty plea based on the trial court's complete failure to inform the appellant that he could receive a prison term of up to nine months, as set forth in R.C. 2943.032, for a post-release control violation. As noted supra, however, in the case sub judice, the trial court informed the Appellant, albeit incorrectly, that a violation of the imposed post-release control conditions would permit the Adult Parole Authority to impose upon the Appellant a residential sanction including a *Page 7 
new prison term up to twelve months. The language of R.C. 2943.032 only authorizes a new prison term of up to nine months. Thus, the trial court actually overstated the minimum sanction the Appellant could receive for a violation of the terms of his post-release control. Based on this fact, Poston is distinguishable.
 {¶ 13} In light of the trial court's overstatement of the sanction the Appellant could receive under R.C. 2943.032, the Appellant would still have entered his guilty plea if he knew the penalty under the statute was actually only up to nine months. Because the Appellant was not, therefore, prejudiced by the manner in which the trial court advised him of the possible minimum consequences of future violations, reversal of his conviction is not required. See State v. Gulley, Hamilton App. No. C-040675, 2005-Ohio-4592; State v. Carnicom, Miami App. No. 2003-CA-4, 2003-Ohio-4711. Accordingly, we overrule his sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion. Kline, J.: Concurs in Judgment Only. *Page 1