JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Abdul Bari, appeals the judgment and sentence of the Cuyahoga County Court of Common Pleas on two counts of aggravated robbery. For the reasons stated herein, we affirm.
 {¶ 2} Bari was initially indicted on January 23, 2007, with two counts of aggravated robbery, one count of tampering with evidence, and one count of possessing criminal tools. The first indictment ultimately was dismissed, as Bari was re-indicted for the same counts on March 28, 2007. The charges were brought against Bari and a co-defendant, and arose from an aggravated robbery of two victims at knife point at a dentist's office in Westlake.
 {¶ 3} On May 22, 2007, Bari entered a guilty plea on both counts of aggravated robbery, which were felonies of the first degree. The remaining counts were nolled.
 {¶ 4} On June 27, 2007, the trial court sentenced Bari to a seven-year prison term on each count, to run consecutive, for a total prison sentence of fourteen years. Bari filed a motion to reconsider sentence and/or withdraw guilty plea. On August 3, 2007, the trial court denied the motion without a hearing.
 {¶ 5} This court granted Bari leave to file a delayed appeal. Bari has raised 12 assignments of error for our review. Additional facts shall be discussed as they pertain to the assigned errors. *Page 4 
 {¶ 6} Bari's first and second assignments of error provide as follows:
 {¶ 7} "I. The court abused its discretion by denying Appellant's motion to withdraw his guilty plea."
 {¶ 8} "II. The trial court abused its discretion by refusing to hold a hearing on Appellant's motion to withdraw his guilty plea."
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Crim. R. 32.1. After sentencing, a motion to withdraw a guilty plea is permitted "only in extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261, 264, 361. The trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001 (citations omitted). "The trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradict[s] the record." State v. Yearby (Jan. 24, 2002), Cuyahoga App. No. 79000.
 {¶ 10} Here, Bari argues that his plea was not knowingly and voluntarily given because of his trial counsel's misleading advice. He further claims that he *Page 5 
was induced to enter a guilty plea in reliance upon "misleading statements by the court" concerning the sentence that would be imposed, and by "broken promises by the [s]tate" with regard to "standing silent" at sentencing. In support of his motion to withdraw, Bari submitted an affidavit of his trial counsel, which stated that following conversations with the trial court and the state, he advised Bari that a plea "would likely" result in a concurrent sentence of four to seven years. Bari's trial counsel further averred that he recalled assertions made by the state as to remaining silent at sentencing.
 {¶ 11} Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea. State v. Dalton,153 Ohio App.3d 286, 2003-Ohio-3813. Moreover, a guilty plea is not voluntary if it is the result of ineffective assistance of counsel. State v.Banks, Summit App. No. 01CA007958, 2002-Ohio-4858. In this case, there are no allegations that the court failed to advise Bari of the possible penalties for the charged offenses. Rather, Bari simply claims that he was informed by counsel that a guilty plea "would likely" result in a mid-range sentence. This court has previously recognized that a lawyer's mistaken prediction about the likelihood of a particular outcome is insufficient to demonstrate ineffective assistance of counsel. State v.Williams, Cuyahoga App. No. 88737, 2007-Ohio-5073. *Page 6 
 {¶ 12} Furthermore, contrary to his assertions that he was misled or induced in entering his plea, the record reflects otherwise. The record shows that the plea agreement, including the possible sentence, was placed on the record and Bari assented to it. The prosecutor stated that the aggravated robbery charges were felonies of the first degree carrying "a possible term of incarceration of three to ten years in annual increments," mandatory five years of postrelease control, and a possible $20,000 fine. The prosecutor stated that if the plea was forthcoming, the state would move to nolle the remaining counts. The prosecutor further stated that "other than what has been stated on the record, there have been no threats or promises made in exchange for the plea." Defense counsel agreed with this recitation, stating: "[t]hat is a full and accurate recitation of the plea agreement as I understand it and what I've related to my client as well as his rights that he's waiving today." Defense counsel also stated that there were no promises or threats in any manner in relation to the case.
 {¶ 13} Likewise, the trial court informed Bari that there was a presumption of incarceration of between three and ten years, after which there would be a five-year period of postrelease control, as well as the consequences of violating postrelease control. Bari indicated that he was aware of these things. When asked whether, other than what was discussed on the record, any promises or *Page 7 
threats had been made, Bari responded "No." Defense counsel told the court that the pleas were voluntarily tendered by his client.
 {¶ 14} Upon our review, we find that Bari has failed to establish the existence of a manifest injustice that would justify granting his post-sentence motion to withdraw his guilty plea. We also conclude that the trial court did not abuse its discretion in denying Bari's motion without holding an evidentiary hearing. Accordingly, Bari's first and second assignments of error are overruled.
 {¶ 15} Bari's third assignment of error provides as follows:
 {¶ 16} "III. The trial court erred to the prejudice of appellant when it failed to advise him at the sentencing hearing of his appeal rights under Crim. R. 32(B)."
 {¶ 17} As this court granted Bari a delayed appeal and appointed counsel to Bari, we find that no prejudice resulted and that any error in this regard was harmless. See State v. Stewart (Dec. 21, 1992), Columbiana App. No. 91-C-11; State v. Kiddy (Nov. 30, 1990), Portage App. No. 89-P-2107 (both cases finding harmless error where delayed appeal was granted). Bari's third assignment of error is overruled.
 {¶ 18} Bari's fourth assignment of error provides as follows: *Page 8 
 {¶ 19} "IV. The trial court erred in failing to permit appellant and/or appellant's trial counsel to read the PSI and Psychiatric Evaluation Report within a reasonable time before imposing sentence."
 {¶ 20} Bari contends that his trial counsel was not provided with the presentence investigation report ("PSI") and the results of the court-ordered psychological evaluation until minutes before the sentencing hearing, and that he was afforded only five minutes to review both documents with counsel. Bari complains that the reports contained erroneous and prejudicial information, including his "alleged terrorist ties."
 {¶ 21} The record reflects that no objection was raised as to the timeliness of the reports. Therefore, we review under a plain error standard. See Crim. R. 52 (B). The record shows that Bari's counsel recognized the reports and conceded that they were substantially accurate. Also, a review of defense counsel's comments at the sentencing hearing reflected that counsel had a working knowledge of the contents of the report. Finding no plain error, we overrule Bari's fourth assignment of error.
 {¶ 22} Bari's fifth assignment of error provides as follows:
 {¶ 23} "V. The trial court erred by imposing a sentence upon appellant that was not consistent with sentences imposed on similarly situated defendants for similar crimes." *Page 9 
 {¶ 24} Bari contends that his sentence was disproportionate and inconsistent with sentences imposed for similar crimes committed by similar offenders. Bari states that his co-defendant was sentenced to a prison term of four years. However, Bari fails to establish that they are similarly situated defendants. Bari's sentence is within the statutory range, and it is within the trial court's discretion to consider factors, such as a defendant's prior history and convictions, in determining an appropriate sentence. The mere fact that a trial judge views the background or conduct of one offender differently from that of another involved in the same crime does not render the different sentences disproportionate. State v. Trice, Cuyahoga App. No. 89933,2008-Ohio-2930. Bari's fifth assignment of error is overruled.
 {¶ 25} Bari's sixth assignment of error provides as follows:
 {¶ 26} "VI. The trial court committed plain error in failing to dismiss the instant case sua sponte for want of a speedy trial."
 {¶ 27} Bari concedes that no speedy trial objection was raised at the trial court level. As this court has previously stated, "By failing to raise a speedy trial claim except as part of a claim of ineffective assistance of counsel, [defendant] has waived all but plain error."City of Cleveland v. Ali, Cuyahoga App. No. 88604, 2007-Ohio-3902, quoting State v. Stewart, Cuyahoga App. No. 86411, 2006-Ohio-813. *Page 10 
 {¶ 28} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after his arrest. For purposes of computing time under R.C. 2945.71(C)(2), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. See R.C. 2945.71(E). R.C. 2945.72 sets forth several circumstances which extend speedy trial deadlines. "The time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused." R.C. 2945.72(E). In addition, speedy trial days may be tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). Further, speedy trial statutes are strictly construed against the state. Brecksville v. Cook,75 Ohio St.3d 53, 1996-Ohio-171.
 {¶ 29} Here, the record reflects that Bari was arrested on December 20, 2006, and was continuously incarcerated from that time. Bari filed a motion for bill of particulars on January 25, 2007, which was not responded to by the state.
The first pretrial was set for February 7, 2007, and was continued at Bari's request. Thereafter, Bari requested continuances of every subsequent pretrial scheduled through May 8, 2007. At that time, trial was set for May 22, 2007, "at the request of defendant." Consequently, Bari's time was tolled from at least *Page 11 
February 7, 2007, until his plea on May 22, 2007. Therefore, only 49 days had elapsed. Accordingly, no speedy trial violation occurred, and Bari's sixth assignment of error is overruled.
 {¶ 30} Bari's seventh assignment of error provides as follows:
 {¶ 31} "VII. The trial court erred in sentencing Bari separately for two crimes of similar import."
 {¶ 32} Bari claims that there was no separate animus in robbing the male victim along with the female victim, and therefore, he should have been sentenced on only one count of robbery. He states that the victims were sitting next to each other and were not individually targeted, and that the female had nothing taken from her.
 {¶ 33} R.C. 2911.01, the aggravated robbery statute, provides as follows: "(A) No person in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." (Emphasis added.)
 {¶ 34} The Ohio Supreme Court has held that when a defendant commits aggravated robbery against different victims during the same course of conduct, a separate animus exists for each offense. State v. Byrd
(1987), 32 Ohio St.3d 79, *Page 12 
85; see, also, State v. Battle, Franklin App. No. 03AP-39, 2003-Ohio-4687. Here, the indictment set forth two separate counts of aggravated robbery against different victims and Bari entered a plea of guilty to the charges. We find that the trial court did not err in sentencing Bari for each offense. Bari's seventh assignment of error is overruled.
 {¶ 35} Bari's eighth and eleventh assignments of error provide as follows:
 {¶ 36} "VIII. The court erred in relying upon inaccurate information in the PSI, falsely claiming that appellant may have `terrorist ties,' and that he was on a government `terrorist watch list,' as part of its consideration in imposing its sentence upon appellant."
 {¶ 37} "XI. The trial court improperly considered appellant's religion as a factor in imposing sentencing."
 {¶ 38} Bari claims that the statements in the PSI concerning his possible terrorist ties and indicating that he was on a terrorist watch list were prejudicial to his sentencing. He further states that the record indicated he was of the Muslim faith and had been a preacher at a mosque in Lorain County prior to his arrest. This court has reviewed the transcript, and finds no indication that the trial court relied upon these statements in sentencing Bari. Rather, the trial court commented on Bari's "consistent pattern of behavior" and the "impact that *Page 13 
being robbed with a weapon has on individuals." Bari's eighth and eleventh assignments of error are overruled.
 {¶ 39} Bari's ninth assignment of error provides as follows:
 {¶ 40} "IX. Appellant was denied his constitutional right to effective assistance of counsel."
 {¶ 41} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption that a properly licensed attorney is competent.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102.
 {¶ 42} Bari contends that his trial counsel was ineffective for failing to request that one of the indictments be dismissed. The record in this case reflects that the first indictment was ultimately dismissed and the trial court proceeded to sentencing under lower court case number CR-494146. We find Bari has failed to demonstrate that counsel's performance was seriously flawed or that he suffered any prejudice in this regard. *Page 14 
 {¶ 43} Bari also asserts that his counsel was ineffective with respect to speedy trial, crimes of similar import, and the timeliness of being provided the PSI and psychiatric report. As we have already rejected these arguments, we find no deficient performance or prejudice occurred on these grounds.
 {¶ 44} Next, Bari contends that trial counsel was ineffective for failing to place the plea agreement on the record or in writing, in advising him on probable sentences that would run concurrently, in failing to properly advise him on possible defenses, and in failing to object to the state's violation of the plea agreement. Bari cannot demonstrate from the record of proceedings that counsel provided ineffective assistance. As previously discussed, the terms of the plea agreement, including the possible term of incarceration, were placed on the record, Bari assented to it, and it was represented that no promises or threats had been made.
 {¶ 45} Finally, Bari argues that his trial counsel failed to move to have court costs waived in this matter based on Bari's indigency. R.C. 2947.23 requires a court to impose court costs upon all convicted criminal defendants, regardless of financial status. A trial court is authorized to not only assess court costs against an indigent defendant, but also it may collect those costs from an indigent defendant.State v. Smith, Allen App. No. 1-07-32, 2007-Ohio-6552, citing State v.White, 103 Ohio St.3d 580, 2004-Ohio-5989. Further, while *Page 15 
R.C. 2949.092 allows a trial court to waive payment of court costs for indigent defendants under certain circumstances, it is not required to do so. Id. An indigent defendant must move to waive payment of court costs "at the time of sentencing. * * * Otherwise, the issue is waived and costs are res judicata." Smith, supra, citing State v. Threatt,108 Ohio St.3d 277, 2006-Ohio-905. Because we cannot say the result of the proceeding would have been different had proper representation been provided, we find no merit to Bari's argument.
 {¶ 46} Bari's ninth assignment of error is overruled.
 {¶ 47} Bari's tenth assignment of error provides as follows:
 {¶ 48} "X. The trial court failed to properly inform appellant in accordance with the requirements of R.C. 2943.032 prior to accepting the guilty plea."
 {¶ 49} "Before accepting a guilty plea, the trial court has the duty to inform a defendant personally of post-release control. Under R.C. 2943.032(E), a trial court is required to `inform the defendant personally that * * * if the offender violates the conditions of a post-release control sanction * * * upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.' State v.Pendleton, Cuyahoga App. No. 84514, 2005-Ohio-3126; State v. Brown, Hamilton App. Nos. C-020162, C-020164, 2002-Ohio-5983. R.C. 2967.28(F) limits the maximum cumulative prison term for all violations, to *Page 16 
one-half of the stated prison term originally imposed upon the offender." State v. Evans, Cuyahoga App. Nos. 84966, 86219,2005-Ohio-5971.
 {¶ 50} Bari argues that the trial court did not inform him regarding postrelease control in a reasonably thorough manner. A review of the record reflects that the trial court advised Bari that he would receive five years of postrelease control and that he could be returned to prison for half of any time served for violating the terms and conditions of postrelease control. Nevertheless, Bari claims that the trial court did not advise him that a violation of a postrelease control sanction could result in an additional prison term of up to nine months, as set forth in R.C. 2943.032(E).
 {¶ 51} It has been held that a court is not required to provide a rote recitation of the statute to comply with R.C. 2943.032(E). State v.Poston, Pickaway App. No. 06CA15, 2007-Ohio-3936. Moreover, courts have been found to comply with the statute where they overstate the time specified in the statute as no prejudice results to the defendant. See, e.g., State v. Young, Gallia App. No. 06CA10, 2007-Ohio-5232; State v.Evans, supra.
 {¶ 52} We find that the trial court substantially complied with the requirements of Crim. R. 11(C) and R.C. 2943.032 when informing Bari of the postrelease control requirements. Bari's tenth assignment of error is overruled.
 {¶ 53} Bari's twelfth assignment of error provides as follows: *Page 17 
 {¶ 54} "XII. The trial court's denial to appellant of discovery of potentially exculpating and/or potentially mitigating evidence, pursuant to Criminal Rule 16, violated appellant's right to due process of law * * *."
 {¶ 55} Bari claims the trial court never ruled on certain discovery motions and that he was denied discovery of potentially exculpating or mitigating evidence in this matter. A defendant's guilty pleas waive any and all constitutional infirmities that occurred prior to those pleas, including his right to discovery and any error associated with discovery violations, unless those violations rendered defendant's pleas less than knowing, intelligent, and voluntary. State v. Buhrman (June 26, 1998), Montgomery App. No. 16789; State v. Spates, 64 Ohio St.3d 269,1992-Ohio-130. Because there is no indication that exculpatory or mitigating evidence was actually withheld, we cannot say that the lack of a formal discovery response affected Bari's plea. Nevertheless, we do not condone the state's conduct in failing to formally respond to the discovery requests. Bari's twelfth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 18 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1