JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} The City of Cleveland appeals from the judgment of the Cleveland Municipal Court which imposed neither a fine nor costs following defendant Henry Curtis's conviction for driving an unsafe vehicle in violation of Cleveland Cod. Ord. 437.01. For the reasons set forth below, we affirm in part, reverse in part and remand for further proceedings as to court costs.
 {¶ 3} On March 2, 2007, defendant was cited for disregarding a stop sign. He then entered into a plea agreement with the city and entered a guilty plea to operating an unsafe vehicle. According to the city, defendant was to pay a fine of $150.
 {¶ 4} Thereafter, the trial court accepted the plea but did not impose the fine. Instead the court ordered defendant to perform community service and, noting that he is a pastor, his regular duties satisfied the community service requirements. The City of Cleveland now appeals, and assigns three errors for our review.
 {¶ 5} For its first assignment of error, the city asserts that the trial court erred in disregarding the plea it had worked out which required defendant to pay a fine of $150. For its second assignment of error, the city asserts that the court erred and violated the Establishment Clause when it noted that it would not fine defendant, a member of the clergy. *Page 4 
 {¶ 6} As to our standard of review, we note that the decision to accept or refuse a guilty plea in a criminal offense is within the sound discretion of the trial court, and such determination will not be reversed by an appellate court except upon a showing of a clear abuse of discretion. Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 109, 399
N.E.2d 119.
 {¶ 7} As to the imposition of a fine in the first instance, we note that the trial court is vested with discretion as to whether to impose a fine. R.C. 2929.28; State v. Perz, Lucas App. No. L-06-1359,2007-Ohio-3962. Although some offenses result in mandatory fines, Cleveland Cod. Ord. 437.01 does not require the imposition of a fine.
 {¶ 8} The Establishment Clause requires government neutral as the state may not favor or endorse religion over nonreligion, one religion over others or adherents over nonadherents. See Lynch v. Donnelly
(1984), 465 U.S. 668, 688, 79 L.Ed.2d 604, 104 S.Ct. 1355. (O'Connor, J., concurring).
 {¶ 9} In this matter, the record indicates that the fine was waived in favor of community service and the court then noted that defendant performs community services as a clergyman. Again, no fine was required, and the court has discretion as to financial sanctions under R.C.2929.28. We cannot say that the trial court abused its discretion and violated the Establishment Clause in this case.
 {¶ 10} These assignments of error are overruled.
 {¶ 11} For its third assignment of error, the city asserts that the trial court erred *Page 5 
in refusing to require defendant to pay court costs.
 {¶ 12} R.C. 2947.23 provides:
 {¶ 13} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs * * * ."
 {¶ 14} Similarly, Cleveland Cod. Ord. 149.08 provides:
 {¶ 15} "In all cases when any person is found guilty of violating any ordinance of the City and fined, he shall be adjudged to pay all the costs imposed in the case."
 {¶ 16} In Cleveland v. Tighe, Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845, this court noted that the following costs are assessed in the Cleveland Municipal Court:
 {¶ 17} "The basic court cost fee is set at $65. Of the total, $20.00 is forwarded to the city's general revenue fund. The collection of this cost is mandatory under Title VII Section 149.08 of the Codified Ordinances of the City of Cleveland. With respect to the state costs, $9.00 is paid to the victims of crime fund under R.C. 2743.70, and $11.00 is paid to the general revenue fund under R.C. 2949.091. A $3.00 fee is collected for computerization under R.C. 1901.261(A)(1), and an additional $10.00 computerization fee is collected under R.C.1901.261(B)(1). Lastly, a special project fee of $12.00 is collected under 1901.26(B)(1). These costs are approved by the judges of the Cleveland Municipal Court."
 {¶ 18} In Tighe, the trial court stated that it was waiving costs because the *Page 6 
prisoner had paid his attorney over $1,000 and the court wanted to "give him a break." This Court reversed and remanded and determined that the trial court erred by suspending all court costs without a finding of indigency.
 {¶ 19} The Tighe Court stated:
 {¶ 20} "In criminal cases, the Ohio Revised Code mandates that certain costs be assessed against a defendant who is convicted of or pleads guilty to an offense. R.C. 2947.23 states: `In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs * * *.' The use of the word `shall' in this statute denotes that compliance is mandatory. State v.Satta, Marion App. No. 9-01-38, 2002-Ohio-5049. Nevertheless, the legislature has indicated through other statutory provisions that these costs may be waived for indigent defendants. See R.C. 2949.14 (requiring the clerk of the court to certify a complete itemized bill of the costs made in the prosecution of a "nonindigent" person convicted of a felony); R.C. 2949.15 (requiring the clerk of the court to issue a writ of execution if a "nonindigent" person convicted of a felony fails to pay the costs of prosecution); see also State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684 (holding court costs may not be assessed against an indigent defendant in a felony case).
 {¶ 21} "Municipal courts are also required, pursuant to R.C. 2743.70
and R.C. 2949.091, to impose [certain additional] specific sums as costs against nonindigent individuals who are convicted of or plead guilty to any offense other than a traffic *Page 7 
offense that is not a moving violation. R.C. 2949.091(A)(1) requires a court to impose `the sum of eleven dollars as costs in the case in addition to any other court costs' for the state's general revenue fund. R.C. 2743.70 requires a court to impose the sum of nine dollars if the offense is a misdemeanor for the state's reparations fund. Both of these statutes provide that the additional court cost may not be waived `unless the court determines that the offender is indigent and waives the payment of all court costs imposed upon the indigent offender.' R.C.2949.091; R.C. 2743.70 (emphasis added); see also, 1993 Atty.Gen.Ops. No. 93-009; 1991 Atty.Gen.Ops. No. 91-039; 1991 Atty.Gen.Ops. No. 91-022 (recognizing that the `additional costs' may not be waived absent a determination that an individual is indigent).
 {¶ 22} In this matter, there was no finding of indigency so as to justify nonpayment of those costs which are mandatory costs.
 {¶ 23} This assignment of error is well-taken.
Affirmed in part, reversed in part and remanded for proceedings as to costs.
It is ordered that appellee and appellant split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 JAMES J. SWEENEY, P.J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1