DECISION AND JUDGMENT ENTRY
{¶ 1} Jeremy L. Taylor appeals his three felony convictions and sentences from the Washington County Court of Common Pleas. Pursuant to a plea agreement, Taylor pled guilty to three offenses in exchange for the state dismissing two specifications. On appeal, Taylor contends that the trial court erred when it found that a R.C. 2905.01(A)(4) kidnapping and a R.C. 2907.05(A)(1) gross sexual imposition are not allied offenses of similar import pursuant to R.C. 2941.25(A). We agree with Taylor that the offenses are allied offenses of similar import under R.C.2941.25(A). However, the state contends that Taylor waived this issue because he did not raise it at the change of plea hearing. Because the plea agreement did not address either the allied offense or the recommended sentence issues, and because Taylor raised the issue in the trial *Page 2 
court at his sentencing hearing, we find that Taylor did not waive the issue. The state next contends that Taylor invited the error when he asked for concurrent sentences for the two offenses at the sentencing hearing and the court imposed concurrent sentences. Because Taylor requested a total concurrent sentence of 2-years and the court imposed a total concurrent sentence of 8-years, we disagree. Therefore, we hold that the court did not substantially comply with Crim. R. 11 when it accepted Taylor's guilty pleas without making a proper finding under R.C. 2941.25(A), and thus, failed to proceed to address R.C. 2941.25(B). Accordingly, we sustain Taylor's first assignment of error; vacate the trial court's judgment only as it relates to the gross sexual imposition conviction and sentence; find Taylor's remaining assignments of error are not ripe for review; and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} Marietta police responded to a report of an attempted rape. They described the sixteen-year-old (hereinafter "victim") as extremely upset and scared. She advised an officer that as she walked in a park, an unknown male followed her; pushed her to the ground; got on top of her; bit her right breast; grabbed her vaginal area after forcing his hand up her shorts; and dry humped her. She described the dry humping as the man moving his genitals on top of her in such a way that they would be having sex if they were unclothed. She begged the man to stop. Once she got away, she ran to her boyfriend's house, which is where the officers took her report. *Page 3 
 {¶ 3} The police investigation eventually led them to Taylor, who was twenty-six-years-old. The victim then identified Taylor as the man who attacked her in the park. The police interrogated Taylor. During the interview, he admitted to the attack but did not remember biting the victim on her breast.
 {¶ 4} The interview led the police to solving another attack that occurred about four years earlier. Another sixteen-year-old (hereinafter "earlier victim") had reported that an unknown man, between the ages of 15 and 20, came from behind her on his bike while she walked/jogged; grabbed her around her neck; and pulled her a little ways. She got away; reported the incident to police; and described her assailant. When police confronted Taylor with the earlier attack, he admitted that he was the person involved.
 {¶ 5} A Washington County Grand Jury issued a three-count indictment against Taylor for kidnapping (with two specifications), gross sexual imposition, and attempted abduction. The first kidnapping and gross sexual imposition counts involved the recent victim and the attempted abduction involved the earlier victim.
 {¶ 6} Taylor entered not guilty pleas. Eventually, the state and Taylor reached a plea agreement whereby he would plead guilty to all three counts of the indictment in exchange for the state dismissing the two specifications (which included a life sentence) included with the kidnapping offense. The plea agreement did not address (1) the allied offense issue or (2) sentencing recommendations.
 {¶ 7} At the change of plea hearing, just after the court explained the penalties involved in each of the three offenses, and before the court heard the explanation of facts, the following dialogue occurred between the court and the state: *Page 4 
 THE COURT: Okay. Attorney Rings, are any of them alike and allied?
 MR. RINGS: No, Judge. Count 2 — 1 and 2 are on the same incident, but it's a kidnapping and a —
 THE COURT: Yeah, they are not alike and allied.
 MR. RINGS: — sex — I do not believe they are. And then, of course,
 Count 3 relates to an incident that took place four years prior.
 {¶ 8} Later in the hearing, Taylor entered guilty pleas to the three offenses and then the parties stipulated to the factual basis for the pleas. The court then had the state make a statement of the facts. Afterwards, Taylor responded that the state's statement of the facts were true. The court convicted Taylor of all three offenses and ordered a pre-sentence investigation.
 {¶ 9} At the sentencing hearing, the state recommended a concurrent sentence for the kidnapping and gross sexual imposition sentences "in the neighborhood of seven years" but consecutive to a recommended three year prison term for the attempted abduction offense. In sum, the state recommended a total sentence of ten years.
 {¶ 10} At the same hearing, Taylor's counsel stated: "With respect to the sentence in this case, Judge, I know at the time of plea, he plead to all counts, they dismissed the spec, but the State had thought that — or it alleged that the gross sexual imposition and the kidnapping were not allied offense[s] or alike and allied, so that put a light bulb in my head to do some research." He stated that he found a 2004 Supreme Court of Ohio case, "State versus Foust[,]" which involved a kidnapping and a rape, that set forth "the test for determining whether kidnapping and rape were committed with a separate *Page 5 
animus as to each other[.]" He then read the test into the record and argued that the kidnapping and the gross sexual imposition were allied offenses of similar import.
 {¶ 11} At the end, instead of asking the court to merge the two offenses into one conviction, Taylor's counsel asked the court to impose concurrent sentences for the two offenses but with considerably less time than the state's recommendation. Specifically, he recommended that the court impose a 2-year sentence for the kidnapping to run concurrent to a 1-year sentence for the gross sexual imposition, but consecutive to a 2-year sentence for the attempted abduction. In sum, he recommended a total sentence of four years.
 {¶ 12} The court never responded to Taylor's "allied offenses" argument. However, the court, after classifying Taylor as a habitual sexual offender, imposed an 8-year sentence for the kidnapping; an 18-month sentence for the gross sexual imposition; and a 4-year sentence for the attempted abduction. The court ordered the kidnapping and gross sexual imposition sentences to run concurrently to each other and consecutive to the attempted abduction for an aggregate sentence of 12-years.
 {¶ 13} Taylor appeals his convictions and sentences and asserts seven assignments of error: I. "The trial court erred by entering convictions for the 2006 offenses against Jeremy Taylor for allied offenses of similar import, kidnapping and gross sexual imposition, in violation of R.C. 2941.25(A)." II. "The trial court erred by imposing non-minimum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution." III. "The trial court committed plain error and denied Mr. Taylor due process of law by imposing non-minimum and consecutive *Page 6 
sentences." IV. "The trial court did not have the authority to impose non-minimum and consecutive sentences." V. "The trial court erred by imposing a non-minimum sentence in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution for an offense that took place in 2002." VI. "The trial court committed plain error and denied Mr. Taylor due process of law by imposing a non-minimum sentence for an offense that occurred in 2002." And, VII. "The trial court did not have the authority to impose a non-minimum sentence for an offense that took place in 2002."
 II. {¶ 14} Taylor contends in his first assignment of error that the trial court erred when it entered two convictions for the kidnapping and gross sexual imposition offenses. He claims that the court, pursuant to R.C.2941.25, should have merged the gross sexual imposition offense into the kidnapping offense. In short, Taylor maintains that he should have received one conviction instead of two convictions because the two offenses are allied offenses of similar import. Taylor requests us to merge the two offenses into one offense and vacate the conviction and sentence for the gross sexual imposition. See, e.g., State v.Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 103 (merged conviction for receiving stolen property into conviction for grand theft and vacated receiving stolen property sentence).
 {¶ 15} "[A] defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel `may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" (Cite omitted.) State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, ¶ 78. *Page 7 
 {¶ 16} However, the crux of Taylor's contention is that, before he entered his guilty pleas, the court erred when it concluded that the kidnapping and gross sexual imposition offenses were not allied offenses of similar import. First, we must decide if the court reached the wrong conclusion. Second, if the court did err, then did Taylor voluntarily, knowingly, and intelligently enter his guilty pleas.
 {¶ 17} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). "Under a R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract." State v.Rance, 85 Ohio St.3d 632, 1999-Ohio-291, paragraph one of the syllabus.
 {¶ 18} The elements of the kidnapping offense, as stated in R.C.2905.01(A)(4), are: "No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.] * * * R.C. 2907.01(C) defines "sexual activity" to mean "sexual conduct or sexual contact, or both."
 {¶ 19} The elements of the gross sexual imposition offense, as stated in R.C. 2907.05(A)(1), are: "(A) No person shall have sexual contact with another, not the spouse of the offender; [when t]he offender purposely compels the other person * * * to submit by force or threat of force." *Page 8 
 {¶ 20} Here, we find that when the elements of each crime are aligned, the offenses "`correspond to such a degree that the commission of one crime'" resulted "`in the commission of the other.'" Rance, supra, at 638, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14. Specifically, the commission of a R.C. 2905.01(A)(4) kidnapping results in the commission of a R.C. 2907.05(A)(1) gross sexual imposition. Likewise, the commission of the gross sexual imposition results in the commission of the kidnapping. See, e.g., State v. Fischer (Nov. 24, 1999), Cuyahoga App. No. 75222, citing State v. Shilling (Aug. 5, 1997), Franklin App. No. 97APA01-43 (kidnapping and gross sexual imposition are allied offenses of similar import).
 {¶ 21} Therefore, based on the above analysis, the trial court erred when it concluded that the offenses of kidnapping and gross sexual imposition are not allied offenses of similar import under R.C.2941.25(A). Having made that conclusion in error, the court did not find it necessary to continue with its analysis under R.C. 2941.25(B). The second step of the analysis under R.C. 2941.25(B) provides in relevant part: "Where the defendant's conduct * * * results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment * * * may contain counts for all such offenses, and the defendant may be convicted of all of them." However, we will not undergo this second step of the analysis because we have nothing to review. See Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 22} The state contends that Taylor waived the allied offense issue because he never raised it at the time he entered his guilty pleas. The reason a defendant needs to object is so that the trial court can correct its error. Generally, see, State v. Johnson, *Page 9 112 Ohio St.3d 210, ¶ 31 (failure to object so that the court can correct its error results in defendant waiving all but plain error). In addition, a defendant may waive the allied offense issue by a plea agreement. State v. Yost, Meigs App. No. 03CA13, 2004-Ohio-4687, ¶ 12, citing State v. Yeager, Carroll App. No. 03CA786, 2004-Ohio-3640, ¶ 60.
 {¶ 23} Here, the state agrees that the plea agreement did not address the issue. Instead, at the time, the state concedes that it thought that the offenses were not allied. The court, not the parties, raised the issue before Taylor entered his guilty pleas. The state told the court at the Crim.R. 11 hearing that it believed the offenses were not allied offenses. The court agreed. While Taylor did not object to the court's finding at the time he entered his guilty pleas, he did object before the court sentenced him. Thus, the court had time to correct its error. Consequently, we find that Taylor did not waive this issue.
 {¶ 24} The state further contends that Taylor invited the court's error when it asked for concurrent sentences and the court imposed the same. See State ex rel. Smith v. O'Connor (1995), 71 Ohio St.3d 660, 663
(a party cannot take advantage of an error he or she invited or induced the court to make). We are not persuaded. Taylor asked for a concurrent total sentence of 2-years and the court imposed a concurrent total sentence of 8-years, i.e., 8-years for the kidnapping and 18-months for the gross sexual imposition. Therefore, we find that the court did not impose the concurrent sentence that Taylor requested.
 {¶ 25} Accordingly, we find that Taylor did not invite or induce the error. *Page 10 
 {¶ 26} We now proceed to determine if Taylor voluntarily, knowingly, and intelligently entered his guilty pleas.
 {¶ 27} In determining whether to accept a guilty plea, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily entered the plea. State v. Johnson (1988),40 Ohio St.3d 130, syllabus; Crim.R. 11(C). To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent, and voluntary plea. Johnson at 133, citing State v.Stewart (1977), 51 Ohio St.2d 86, 88. However, Crim.R. 11 (C)(2)(a) requires that the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved. Johnson at 133. Furthermore, under Ohio law, "it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin,141 Ohio App.3d 381, 386-387, 2001-Ohio-4140, citing State v. Wilson (1978), 55 Ohio App.2d 64; State v. Gibson (1986), 34 Ohio App.3d 146.
 {¶ 28} Strict compliance with Crim.R. 11(C) is preferred; however, a reviewing court will consider a plea knowing, intelligent, and voluntary so long as the trial judge substantially complies with the rule.State v. Boshko (2000), 139 Ohio App.3d 827. In this context, "substantial compliance" means: "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Stewart (1977), 51 Ohio St.2d 86;State v. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied (1980),445 U.S. 953. *Page 11 
 {¶ 29} Here, we find that the trial court's error affected Taylor's substantial rights because the court convicted and sentenced him for both the kidnapping and the gross sexual imposition offenses. See, e.g.,Yarbrough, supra, at ¶ 102 (convicting and sentencing the defendant for theft and receiving stolen property violated R.C. 2941.25(A) and affected his substantial rights). The plea agreement between the state and Taylor did not resolve the allied offense issue and did not include an agreed or recommended sentence. It simply provided that if Taylor pled guilty to the three offenses, then the state would dismiss the specifications (which carried a life sentence). A court cannot properly explain the nature of the offenses and the maximum penalties involved until it resolves the issue of allied offenses of similar import. Stated differently, until the allied offense issue is resolved, a defendant cannot subjectively understand the implications of his plea. Therefore, we find that Taylor did not voluntarily, knowingly, and intelligently enter his guilty plea to gross sexual imposition.
 {¶ 30} Accordingly, we sustain Taylor's first assignment of error as it relates to R.C. 2941.25(A) but take no position as to R.C.2941.25(B).
 III {¶ 31} Taylor contends in his remaining assignments of error that the trial court erred for various reasons when it sentenced him. Based on our resolution of Taylor's first assignment of error, we find that these issues are not yet ripe for consideration.[1] Therefore, we do not address them. *Page 12 
 IV. {¶ 32} In conclusion, we sustain Taylor's first assignment of error as it relates to R.C. 2941.25(A); vacate his conviction and sentence for the gross sexual imposition offense; and remand this cause to the trial court for further proceedings consistent with this opinion.
 JUDGMENT VACATED IN PART AND CAUSE REMANDED.
[1] On remand, the parties may raise issues that affect the kidnapping and attempted abduction convictions and sentences because, at that point, the decisions involving those offenses are no longer final, appealable orders. For example, the state indicated in its brief that the outcome of the allied offenses issue could change its position on the plea agreement because at the time of the agreement it thought that the offenses were not allied offenses of similar import. While we do not take a position on that issue or address it here, the state may or may not raise it in the trial court. *Page 13