OPINION
{¶ 1} Defendant-appellant, Michael Bronaka, appeals several judgments of the Lake County Court of Common Pleas, overruling his motion to suppress evidence, motion to dismiss, and accepting his negotiated plea of guilty to three counts of Attempted Pandering Obscenity Involving a Minor. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Bronaka is part-owner of Bronco Machine in Willoughby, Ohio. In September 2003, Detective J.G. Knack of the Willoughby Police Department was *Page 2 
approached by two employees of Bronco Machine, and advised that they had viewed pornographic images of young children, contained on a computer diskette taken from Bronaka's office at work. On September 9, 2003, Willoughby Police obtained and executed a warrant to search Bronaka's office, seizing various pieces of computer hardware, including floppy diskettes, CDs, DVDs, and video cassettes.
 {¶ 3} On March 24, 2006, Bronaka was indicted by the Lake County Grand Jury on ten counts of Pandering Obscenity Involving a Minor, felonies of the second degree in violation of R.C. 2907.321(A)(1), eight counts of Pandering Sexually Oriented Matter Involving a Minor, felonies of the second degree in violation of R.C. 2907.322(A)(1), and two counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance, felonies of the second degree in violation of R.C. 2907.323(A)(1).
 {¶ 4} On July 14, 2006, Bronaka filed a Motion to Suppress, a Motion to Dismiss Due to Vagueness and Overbreadth, and a Motion to Dismiss Due to Violation of Defendant's Right to a Fair Trial. Bronaka's Motions to Dismiss were based on the constitutional infirmity of R.C. 2907.321,2907.322, and 2907.323, and the inability of defense counsel and experts to prepare a defense without violating state and federal child pornography statutes.
 {¶ 5} On November 22, 2006, the trial court denied Bronaka's motions.
 {¶ 6} On January 11, 2007, Bronaka filed a Motion to Reconsider the trial court's denial of his prior motions to dismiss in light of this court's decision in State v. Tooley, 11th Dist. No. 2004-P-0064,2005-Ohio-6709, reversed 114 Ohio St.3d 366, 2007-Ohio-3698. The court denied Bronaka's motion on January 30, 2007. *Page 3 
 {¶ 7} On April 2, 2007, Bronaka entered guilty pleas to three counts of the lesser included offenses of Attempted Pandering Obscenity Involving a Minor, felonies of the third degree in violation of R.C.2923.02(E)(1) and 2907.321(A)(1), Counts One, Three and Five of the original indictment.
 {¶ 8} On May 7, 2007, Bronaka filed a Motion to Withdraw Plea, arguing that his guilty pleas were not voluntary inasmuch as his right to a fair trial was compromised by the court's denial of his Motion to Dismiss Due to Violation of Defendant's Right to a Fair Trial. In this motion, Bronaka relied upon a recent decision by this court, State v.Brady, 11th Dist. No. 2005-A-0085, 2007-Ohio-1779, discretionary appeal allowed 114 Ohio St.3d 1478, 2007-Ohio-3699. At this time, Bronaka filed another Motion to Reconsider the denial of his Motion to Dismiss Due to Violation of Defendant's Right to a Fair Trial.
 {¶ 9} On May 14, 2007, Bronaka withdrew his Motion to Withdraw Plea. Thereupon, a sentencing hearing and a sexual offender classification hearing were held. The court found Bronaka to be a sexually oriented offender, subject to the registration requirements of R.C. 2950.04
through 2950.06 for a period of ten years. The court sentenced Bronaka to two years imprisonment for each charge of Attempted Pandering Obscenity Involving a Minor to be served concurrently, for an aggregate prison term of two years. The court also imposed a five-year period of post release control and ordered Bronaka to pay court costs, prosecution costs, and supervision fees.
 {¶ 10} On May 16, 2007, the trial court denied Bronaka's second motion to reconsider the denial of his motion to dismiss.
 {¶ 11} Bronaka appeals and raises the following assignments of error: *Page 4 
 {¶ 12} "[1.] The court erred denying Bronaka's motion to suppress.
 {¶ 13} "[2.] The court erred denying Bronaka's motion to dismiss for fair trial violation and the subsequent motion to reconsider its denial following this court's publication of its decision in State v.Brady, 2007-Ohio-1779.
 {¶ 14} "[3.] Bronaka's guilty plea was coerced by the threat of an unfair trial and his withdrawal of his motion to withdraw that plea was likewise coerced by the threat of an unfair trial."
 {¶ 15} In its appellee brief, the State correctly asserts that appellate review of Bronaka's first two assignments of error is precluded by his entering a plea of guilty. The rule is stated as follows: "Once a guilty plea is offered and accepted in a trial court and judgment is rendered on the basis of that guilty plea, the ability to challenge the judgment on appeal is severely limited. A party who has entered a plea of guilty may only appeal: (1) a lack of subject matter jurisdiction of the court which accepted the plea; or (2) the lack of voluntary plea, i.e., the plea was not made knowingly, voluntarily or intelligibly as required by Crim.R. 11." State v. Kiddy (Nov. 30, 1990), 11th Dist. No. 89-P-2107, 1990 Ohio App. LEXIS 5248, at *8-*9 (citation omitted); State v. Haynes (Mar. 3, 1995), 11th Dist. No. 93-T-4911, 1995 Ohio App. LEXIS 780, at *4 ("if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea");State v. Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 27 ("[o]nce the trial court accepted the guilty plea, appellant waived any deprivation of his constitutional rights that occurred prior to the entry of the guilty plea"); cf United States v. Webb (C.A.6, 2005),403 F.3d 373, 378 fn. *Page 5 
1 ("[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings") (citation omitted).
 {¶ 16} Accordingly, Bronaka's first two assignments of error are without merit.
 {¶ 17} Under the third assignment of error, Bronaka asserts that his guilty pleas, as well as the withdrawal of his motion to withdraw that plea, were coerced in that he was "forced to choose between a violation of his Fair Trial rights and the state's offer of a plea to lesser charges."
 {¶ 18} It is a requirement of the Ohio Rules of Criminal Procedure and of federal constitutional law that the decision to enter a guilty plea be voluntary. Crim.R. 11(C)(2)(a). "A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. * * * Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." Kercheval v. United States (1927), 274 U.S. 220,223.
 {¶ 19} Thus, a valid guilty plea may not be the result of coercion.State v. Piacella (1971), 27 Ohio St.2d 92, at syllabus. The Ohio Supreme Court has adopted the following as a "standard as to the voluntariness of guilty pleas": "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Id. at 95 fn. 2 (citation omitted). *Page 6 
 {¶ 20} A trial court's decision to accept or refuse to accept the proffer of a guilty plea is reviewed for abuse of discretion. UnitedStates v. Bennett (C.A.6, 2002), 291 F.3d 888, 894; Cleveland v.Curtis, 8th Dist. No. 89843, 2007-Ohio-5961, at ¶ 6.
 {¶ 21} Bronaka's basis for challenging the voluntariness of his guilty plea, i.e. being coerced to choose between an unfair trial and reduced charges, has not been recognized as valid by the courts having considered the issue.
 {¶ 22} A "[defendant's subjective belief that he could not get a fair trial * * * is not sufficient to invalidate a guilty plea. * * * Only when a constitutional violation has actually coerced his decision to plead guilty, can the guilty plea be invalidated." Grantling v. Balkcom
(C.A.5, 1980), 632 F.2d 1261, 1264; People v. Pierre (2004),8 A.D.3d 904, 905, 780 N.Y.S.2d 389 ("a belief arising from adverse evidentiary rulings that a fair trial cannot be obtained does not render the plea involuntary").
 {¶ 23} For this reason, challenges such as Bronaka's are regularly rejected by the courts. United States v. Walker (C.A.7, 2006),447 F.3d 999, 1004 (defendant felt compelled to plead "by the imminent prospect of going to trial in * * * a venue where he believed the jury would be stacked against him"); Osborn v. Shillinger (C.A.10, 1993),997 F.2d 1324, 1328 ("the fact that Osborn pleaded guilty to avoid the death penalty, even if its imposition would have been unconstitutional, does not make his plea coerced or involuntary"); Adkins v. Lafler (Dec. 20, 2006), E.D.Mich. No. 4:06-CV-11562, 2006 U.S. Dist. LEXIS 91898, at *11 (defendant felt compelled to plead because of his "subjective belief * * * that the victim's family had spoken with prospective jurors");Dunyan v. Shaw (E.D.Pa.1985), Case No. 84-5557, 1985 U.S.Dist. LEXIS 21448, at *4 (defendant felt compelled because "the Assistant District Attorney stated she would *Page 7 
inform the media * * * about plaintiff's trial and sentencing"); State v.Fabre (La.App. 1988), 525 So.2d 1222, 1226 (defendant felt compelled to plead because of the "prejudice and distraction" of appearing before the jury in leg restraints); cf. McMann v. Richardson (1970), 397 U.S. 759,767-771 (defendant who alleges that his plea was induced by a coerced and, thus, unconstitutional confession, may not collaterally attack his conviction).
 {¶ 24} In the present case, Bronaka's subjective belief that he could not obtain a fair trial is based upon the trial court's denial of his motion to dismiss. The basis for that motion was that neither defense counsel nor expert witness could properly prepare a defense to the charges without violating federal child pornography law. The trial court rejected Bronaka's motion as premature and vague: "[Bronaka] does not state with specificity what measures he needs to take for his defense that he is barred from taking. He has not yet identified any experts or indicated what materials he desires and what he intends to do with them. He has not alleged that the state has denied his defense counsels access to the images that form the basis of the charges against him. He instead stated that his specific intentions are provided in a sealed, ex parte, filing. Such filing is improper and this court will not examine it."
 {¶ 25} Bronaka renewed his motion to dismiss based on this court's decision in State v. Brady, 2007-Ohio-1779, issued after Bronaka had entered his guilty plea.
 {¶ 26} The circumstances alleged by Bronaka fail to raise an arguable claim that his plea was less than voluntary. Bronaka merely disagrees with the trial court's determination that requiring defense counsel and/or experts to abide by federal pornography law would not deprive him of a fair trial. If Bronaka believed this alleged *Page 8 
error was "so prejudicial as to deny him a fair trial, he should have challenged [it] directly in the trial court, on appeal, or in a collateral attack rather than pleading guilty." Osborn,997 F.2d at 1327, citing United States v. Broce (1989), 488 U.S. 563, 571.
 {¶ 27} Likewise, this court's decision in Brady, rendered after Bronaka's plea, has no bearing on the voluntariness of that plea. It is well-settled that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States (1970), 397 U.S. 742, 757. In the present case, this court's decision in Brady does not even render the trial court's denial of the motion to dismiss suspect. Brady was decided upon "unique circumstances," i.e. the seizure of purported evidence from the defense counsel by FBI agents, which do not exist in the present case. 2007-Ohio-1779, at ¶ 14 and ¶ 40. Additionally, at least one other court has disagreed with the result in Brady, see State v.Schneider, 9th Dist. No. 06CA0072-M, 2007-Ohio-2553, and the case is currently pending, as a discretionary appeal, in the Ohio Supreme Court. See State v. Brady, 114 Ohio St.3d 1478, 2007-Ohio-3699.
 {¶ 28} Bronaka's third assignment of error is without merit.
 {¶ 29} For the foregoing reasons, Bronaka's convictions for three counts of Attempted Pandering Obscenity Involving a Minor in the Lake County Court of Common Pleas are affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1