DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, LaTroy Byrd, appeals the decision of the Athens County Court of Common Pleas to accept his guilty plea for robbery and Alford plea for burglary. Appellant alleges the trial court erred in: 1) accepting his pleas without complying with the safeguards of Crim. R. 11, and; 2) accepting his Alford plea without making an inquiry into his reasons for doing so. We disagree. After reviewing the record, we find *Page 2 
Appellant voluntarily, knowingly and intelligently entered both pleas. We further find the trial court substantially complied with Crim. R. 11 in accepting the pleas and had sufficient information to determine Appellant's decision to enter an Alford plea was rationally calculated. Accordingly, we overrule both assignments of error and affirm the decision of the trial court.
 I. Facts {¶ 2} Appellant was indicted on one count of burglary and one count of robbery. As a result of a plea agreement with the State, Appellant entered an Alford plea to the burglary count and a guilty plea to the robbery count. At the plea hearing, the parties presented a joint recommendation of a three year sentence for each count, to be served concurrently. Another recommendation of the plea agreement was for the trial court to order a pre-sentence investigation and conduct sentencing at a later date. After addressing Appellant pursuant to Crim. R. 11, the trial court accepted Appellant's pleas.
 {¶ 3} Appellant did not appear at his scheduled sentencing hearing and, several months later, was arrested on a warrant for failure to appear. As a result of his failure to appear and intervening criminal activity, the trial court sentenced Appellant to three years on count one and five years on *Page 3 
count two, to be served consecutively, for a total of eight years. Subsequent to his sentencing, Appellant filed the current appeal.
 II. Assignments of Error
1. THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT'S ALFORD AND GUILTY PLEAS DUE TO ITS FAILURE TO SUBSTANTIALLY COMPLY WITH THE PROVISIONS OF OHIO RULE OF CRIMINAL PROCEDURE 11.
2. THE TRIAL COURT VIOLATED BYRD'S DUE PROCESS RIGHTS PURSUANT TO AMENDMENT FOURTEEN OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION IN ACCEPTING THE DEFENDANT'S ALFORD PEA WITHOUT ADDRESSING THE [SIC] BYRD'S MOTIVATION FOR ENTERING THE PLEA OR WHETHER, UNDER THE FACTS OF THE CASE, HE WOULD HAVE LIKELY BEEN CONVICTED BY A JURY.
 III. Standard of Review {¶ 4} Initially we note that the decision to accept or refuse a guilty plea is within the sound discretion of the trial court. State v.Bronaka, 11th Dist. No. 2007-L-095, 2008-Ohio-1334, at ¶ 20;Cleveland v. Curtis, 8th Dist. No. 89843, 2007-Ohio-5961, at ¶ 6. As such, we will not overrule a trial court's judgment absent an abuse of discretion.
 IV. First Assignment of Error {¶ 5} In his first assignment of error, Appellant contends the trial court erred by not complying with the dictates of Crim. R. 11 when it accepted his Alford and guilty pleas. Specifically, he presents five issues under this assignment of error: 1) the trial court failed to inform him of the *Page 4 
maximum sentences; 2) it failed to inform him that sentencing could proceed immediately after the hearing; 3) it failed to inform him of the nature of the charges; 4) it failed to inform him that his pleas constituted a complete admission of guilt, and; 5) the cumulative effect of the previous four issues negated substantial compliance with Crim. R. 11.
 {¶ 6} Before accepting a guilty plea, the trial court must determine that the defendant knowingly, intelligently, and voluntarily entered the plea. State v. Taylor, 4th Dist. No. 07CA29, 2008-Ohio-484, at ¶ 27. "In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must review the record to ensure that the trial court complied with the constitutional and procedural safeguards contained within Crim. R. 11." State v. Young, 4th Dist. No. 06CA10, 2007-Ohio-5232, at ¶ 6.
 {¶ 7} Under CrimR. 11(C)(2), in felony cases the trial court must address the defendant personally and not accept a guilty plea without doing the following: "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining *Page 5 
that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim. R. 11(C)(2). The purpose of CrimR. 11(C) is to ensure the defendant receives enough information to make an intelligent and voluntary plea. Young at ¶ 8.
 {¶ 8} Though strict compliance with Crim. R. 11 is preferred, as long as the trial court substantially complies with the rule, a reviewing court will deem a defendant's plea knowingly, intelligently, and voluntarily made. Taylor at ¶ 28. Substantial compliance means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id., quoting State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474.
 {¶ 9} In the case sub judice, Appellant first asserts the trial court failed to inform him of the maximum possible sentences. Initially, we note *Page 6 
that knowledge of the maximum penalty, though listed in CrimR. 11(C), is not constitutionally required for a defendant to make a knowing, intelligent and voluntary plea. Young at ¶ 10. In any event, the record clearly indicates that Appellant was aware of the maximum possible sentences. Prior to the hearing, Appellant signed two plea agreements, both of which stated the maximum penalties. During the plea hearing, the trial court asked Appellant if his counsel had reviewed the agreements with him, and Appellant indicated that he had. Further, the following exchange took place:
Court: So my first question is do you think you understand what count one and count two both charge in terms of criminal conduct and what the possibilities for sentence could be in those two cases? In other words, what the potential maximum could be?
Appellant: (Inaudible) years. I understand that.
Court: That would be correct. Okay.
 {¶ 10} Appellant seems to argue that because his above response was inaudible to the court reporter, there is no indication he was aware of the maximum penalties. On the contrary, the trial court's confirmation of the Appellant's inaudible statement clearly indicates the number of years stated was correct and that Appellant was fully aware of his potential maximum sentence.
 {¶ 11} Appellant also argues that he was prejudiced because the trial court failed to inform him that it could immediately proceed to sentencing *Page 7 
after accepting his plea. Because, in fact, sentencing took place at a later date, we fail to see how Appellant suffered prejudice. Additionally, in numerous places, the record shows the trial court indicated it would, upon recommendation of the parties, be conducting sentencing at a later date.
 {¶ 12} Appellant further argues the trial court failed to inform him of the nature of the charges. Again, the record shows otherwise. At the outset of the hearing, the court stated Appellant was being charged with robbery and burglary, both second degree felonies. The State also briefly recounted the conduct and circumstances which gave rise to the offenses. Later, the court directly addressed Appellant and told him he was being charged with robbery and burglary. Further, the court asked Appellant if he understood what each count charged in terms of criminal conduct and he stated that he did. This was sufficient to inform him of the nature of the charges. In Ohio, courts are not required to inform defendants of the individual elements of each offense. State v.Johnson, 7th Dist. No. 07 MA 8, 2008-Ohio-1065, at ¶ 14.
 {¶ 13} Appellant also contends the trial court failed to inform him that his pleas constituted a complete admission of guilt. However, during its colloquy with Appellant, the court explained that his guilty plea meant that he was admitting to the conduct underlying the charge and that his Alford *Page 8 
plea meant that he was pleading guilty, but only because he did not think he would be able to prevail if the case went to a jury. The court then asked: "So in these two pleas, you think you understand the effect of these two pleas. Would that be fair?" Appellant replied, "Yes sir." Further, the two plea agreements, which Appellant signed and stated that he had reviewed with the benefit of counsel, clearly laid out the nature and effect of each plea.
 {¶ 14} In light of the forgoing, we find the trial court substantially complied with the dictates of CrimR. 11 and that, under the totality of the circumstances, Appellant knowingly, intelligently, and voluntarily entered his pleas. As such, the trial court did not abuse its discretion in accepting them. Appellant's first assignment of error is overruled.
 V. Second Assignment of Error {¶ 15} Appellant's second assignment of error more specifically addresses his Alford plea. He contends the trial court accepted it without properly addressing Appellant's motive for entering the plea.
 {¶ 16} North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, provides a method by which a defendant is able to maintain his factual innocence yet enter a plea of guilty. "A defendant who believes himself to be innocent of the charges against him may rationally conclude that the *Page 9 
evidence against him is so incriminating that there is a significant likelihood that a jury would find him guilty of the offense. (Citation omitted.) Consequently, the defendant may rationally conclude that accepting a plea bargain is in his best interests, since he will avoid the risk of greater punishment if found guilty by a jury. (Citation omitted.) When a defendant so chooses to enter this plea, it is known as an Alford plea of guilty." State v. Banjoko, 2nd Dist. No. 21978,2008-Ohio-402, at ¶ 12.
 {¶ 17} The Supreme Court of Ohio has held that, in the context of anAlford plea, the plea is voluntarily and intelligently made "[w]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both * * * ." State v.Piacella (1971), 27 Ohio St.2d 92, 56 O.O.2d 52, 271 N.E.2d 852, at the syllabus.
 {¶ 18} Here, in its colloquy with Appellant, the court explained that, in entering an Alford plea, Appellant was pleading guilty but not admitting the underlying conduct. Appellant stated he understood the effect of the *Page 10 
plea. There is no indication that Appellant's Alford plea was involuntary. He presented no evidence of deception, intimidation or coercion. His counsel was present at the plea hearing. Appellant has made no assertion that his counsel's advice and representation was anything other than competent. Further, as previously shown in our analysis of Appellant's first assignment of error, the evidence indicates he understood the nature of the burglary charge when he made his Alford plea.
 {¶ 19} Finally, the record also shows he was motivated both by a fear of the result of a jury trial and by a desire to seek an accommodation with the State. During the plea hearing, Appellant's counsel stated the following: "He denies the burglary. We think at trial it would come down to a swearing match between he and the sole witness against him, who we think is probably the person who did commit the burglary. But, in consideration for the resolution of both charges he is entering anAlford guilty plea and is pleading guilty to count two."
 {¶ 20} Appellant correctly states that before accepting anAlford plea, a trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding the assertion of factual innocence and that this requires an inquiry into the reasons for the plea. Appellant further states that, in his case, the trial court failed to do so. However, *Page 11 
because we find the trial court did hear adequate reasons for the plea, we disagree.
 {¶ 21} Though admittedly brief, Appellant's counsel' s explanation that the burglary charge would come down to a "swearing match" between Appellant and a witness to the burglary provides a factual basis and rationale for the plea. Further, the court was made aware that Appellant was entering an Alford plea as an accommodation with the State in order to resolve both charges against him. This was sufficient information for the trial court to determine Appellant was making a rational calculation to plead guilty though maintaining factual innocence.
 {¶ 22} Under these circumstances, we find Appellant's Alford plea was made voluntarily and intelligently and the trial court did not abuse it's discretion in accepting it. Appellant's second assignment of error is overruled.
 VI. Conclusion {¶ 23} After reviewing the record, we find that neither of Appellant's assignments of error are merited and the trial court did not abuse its discretion in accepting the pleas. In our view, the trial court substantially complied with the procedural safeguards of Crim. R. 11. Further, we find Appellant knowingly, voluntarily and intelligently entered both his guilty *Page 12 
plea and Alford plea. Finally, we find the trial court heard sufficient information to determine Appellant made a rational calculation to enter the Alford plea. Accordingly, Appellant's assignments of error are overruled and the decision of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1